IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY CHAZIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARILYN BROOKS, et al. | : | No. 06-2566 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                    November    , 2006

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Barry Chazin ("Chazin"), an individual currently incarcerated at the State Correctional Institution at Albion.  For the reasons that follow, I recommend that the petition be dismissed.

## FACTS AND PROCEDURAL HISTORY:

On August 27, 2001, Chazin pled guilty, pursuant to negotiated guilty pleas, to robbery, possession of an instrument of crime, and conspiracy.[1]  The Honorable Eugene E. Maier, Court of Common Pleas of Philadelphia County, accepted Chazin's pleas and sentenced him, in accordance with the plea agreement, to a term of nine (9) to eighteen (18) years of imprisonment, followed by twelve (12) years of probation.  Chazin did not file a direct appeal.

On March 18, 2002, Chazin filed a timely, pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., claiming

---

[1] The charges stemmed from the robbery of a cashier at a South Philadelphia delicatessen at gunpoint.

ineffective assistance of trial counsel for failing to adequately advise him regarding a plea offer tendered by the Commonwealth.  Counsel was appointed and an amended petition was filed on January 8, 2003.  On January 22, 2004, an evidentiary hearing was held and the PCRA court granted Chazin's petition and ordered a new trial.  Commonwealth v. Chazin, No. 0701 Phila. 2004 (Pa. Super. June 29, 2004).  The Commonwealth appealed and the Pennsylvania Superior Court reversed the order of the PCRA court and reinstated the judgment of sentence.  Commonwealth v. Chazin, No. 1048 EDA 2004 (Pa. Super. April 22, 2005).  On June 3, 2005, Chazin filed a counseled petition for allowance of appeal in the Pennsylvania Supreme Court.  The Pennsylvania Supreme Court denied Chazin's petition on October 6, 2005.  Commonwealth v. Chazin, 887 A.2d 1239 (Pa. 2005) (table).

Chazin then filed the instant petition for a federal writ of habeas corpus on April 19, 2006,[2] claiming ineffective assistance of trial counsel for failing to adequately advise him regarding acceptance of a plea offer of four (4) to eight (8) years of imprisonment tendered by the Commonwealth.  See Pet., at 9; Pet'r Mem. of Law, at 7.   Respondents have filed an answer asserting that Chazin is not entitled to federal habeas relief because the instant petition is time barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Chazin then filed a traverse captioned "Respondent's Response to

_____

[2]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Chazin signed the instant habeas petition on April 19, 2006.

Petition for Writ of Habeas Corpus" arguing that he agreed with Respondent that the

instant petition was required to be placed in the prison's system for outgoing inmate mail

before April 19, 2006, but that the petition was placed in the prison's system for outgoing

inmate mail on April 17, 2006, and thus was timely filed.

**DISCUSSION:**

### I.  Statute of Limitations

_____Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law

by imposing a one (1) year limitation period to applications for writ of habeas corpus filed

by persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244, as amended,

provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by state action in violation of the
> Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The amended statute also provides that the time during which a

properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Chazin's conviction became final on September 27, 2001, when the time for filing a direct appeal in the Pennsylvania Superior Court expired. See Pa. R. A. P. 903 (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken). Consequently, Chazin would normally have had until September 27, 2002, to timely file his § 2254 petition.

However, on March 18, 2002 – 172 days into the federal statute of limitations – Chazin filed his first PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Such a petition is considered

"pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought.  See Swartz, 204 F.3d at 424.  Chazin's petition was thus pending until October 6, 2005, when Chazin's petition for allocatur in the Pennsylvania Supreme Court was denied.  At this time, the one (1) year grace period began to run again and Chazin had 193 days, or until April 18, 2006, to file a timely § 2254 petition.  See Johnson v. Hendricks, 314  F.3d 159, 162 (3rd Cir. 2002), cert. denied., 538 U.S. 1022 (2003) (28 U.S.C. § 2244(d)(2)'s tolling provision does not reset date from which the applicable one (1) year limitations period begins to run).

Chazin submitted the instant petition for filing on April 19, 2006, one (1) day after the limitation period had expired on April 18, 2006.  Chazin does not dispute that the instant petition for writ of habeas corpus was required to be placed in the prison's system for outgoing inmate mail before April 19, 2006, instead he argues that the petition was placed in the prison's system for outgoing inmate mail on April 17, 2006, and thus was timely filed on that date.  See Pet'r Reply to Respondent's Response to Petition for Writ of Habeas Corpus at 2.  In support thereof, Chazin has submitted two (2) cash slips from the Commonwealth of Pennsylvania Department of Corrections dated April 17, 2006. See Pet'r Reply Exhibit "A".  The first cash slip is a request for a check to be drawn from Chazin's inmate account in the amount of five (5) dollars for filing fees related to his

petition for writ of habeas corpus.  The second cash slip is a request for postage fees to be

deducted from Chazin's inmate account for the mailing of the instant petition.  Both cash

slips are stamped APPROVED, are signed by an inmate counselor, and dated April 17,

2006.  The cash slips are further stamped RECEIVED by inmate accounts on April 18,

2006 and PROCESSED by inmate accounts on April 19, 2006.

   I find that Chazin's petition was not placed in the prison's system for outgoing

inmate mail on April 17, 2006.  A pro se petitioner's habeas petition is deemed to be filed

at the moment he delivers it to prison authorities for mailing to the district court.  Burns v.

Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Although Chazin has submitted two (2) cash slips dated April 17, 2006, that make

reference to the instant petition the actual petition itself was not signed by Chazin until

April 19, 2006.  Consequently, it is not possible that the petition was delivered to prison

authorities for mailing to the district court on April 17, 2006, when the petition itself was

not signed by Chazin until April 19, 2006.  Chazin does not assert that there has been an

impediment to filing his habeas petition which was caused by state action, that his petition

involves a right which was newly recognized by the United States Supreme Court, or that

there are new facts which could not have been previously discovered.  See 28 U.S.C. §

2244(d)(1)(B)-(D).  As a result, Chazin would be barred from presenting his claims under

§ 2254, unless the instant petition is subject to equitable tolling.

   The Third Circuit has determined that the one (1) year period of limitation for §

6

2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar.[3]  See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Id. (citation omitted).  "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient."  Id. at 618-19 (citations omitted).  The Third Circuit has set forth three (3) circumstances in which equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases).

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice."  See Jones, supra.  Chazin presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.  Because Chazin has

---

[3]Pace v. DiGuglielmo, 544 U.S. 408 (2005) the United States Supreme Court assumed that equitable tolling is applicable to the AEDPA's statute of limitations, but declined to squarely address the question.  544 U.S. at 418 n.8.

not established "extraordinary" circumstances which would justify application of

equitable principles, this court finds that there are no circumstances which would make

the rigid application of the limitation period unfair.  Consequently, Chazin's petition must

be dismissed as untimely.

Therefore, I make the following:

**R E C O M M E N D A T I O N**

AND NOW, this        day of November, 2006, IT IS RESPECTFULLY

RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.  There has

been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance

of a certificate of appealability.


_____
                                        PETER B. SCUDERI
                                        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARRY CHAZIN                    :        CIVIL ACTION
                                :
        v.                      :
                                :
MARILYN BROOKS, et al.          :        No. 06-2566

**O R D E R**

AND NOW, this          day of                    , 200     , upon careful and

independent consideration of the petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254, and after review of the Report and Recommendation of United States

Magistrate Judge Peter B. Scuderi, and any objections filed thereto, IT IS ORDERED

that:

    1.  The Report and Recommendation is APPROVED and ADOPTED.

    2.  The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. §

2254 is DISMISSED.

    3.  There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____

JAMES T. GILES, J.